936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William H. WAYTS, Plaintiff-Appellant,
v.
PETER KIEWIT SONS, INC., Kiewit Mining and Engineering
Company, and Kiewit Mining Group, Inc.,
Defendants-Appellees.
 No. 90-8022.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1991.
 
 Before TACHA, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff William H. Wayts appeals from an order of the district court granting defendants' motion for summary judgment in this diversity action. Plaintiff argues the district court erred in ruling that defendants did not exercise sufficient control over safety aspects of their subsidiary's mining operations to hold defendants liable for injuries suffered by plaintiff. We affirm.
 
 
 3
 Plaintiff was employed by Big Horn Coal Company (BHC), a wholly owned subsidiary of defendant Kiewit Mining Group, which is a wholly owned subsidiary of Peter Kiewit Sons, Inc. Kiewit Mining and Engineering Company was also a wholly owned subsidiary of Kiewit Mining Group, Inc. Kiewit Mining and Engineering Company is no longer a corporate entity.
 
 
 4
 Plaintiff was injured when a grader operated by another BHC employee backed over a "baloney," the cable supplying power to an electric shovel. The shovel operator, also a BHC employee, was preparing to dump his load into a coal haul truck driven by plaintiff. When the grader backed over the baloney, the power to the shovel was "tripped" and the brakes controlling the shovel engaged. Because the loaded shovel bucket was already swinging, the brakes could not immediately stop the swing of the bucket and it struck the right rear corner of the truck, injuring plaintiff.
 
 
 5
 Plaintiff commenced this action alleging that defendants exercised full control over workplace safety and, thus, were liable to plaintiff for failing to provide a safe workplace. Plaintiff alleged defendants permitted coal haul trucks to be loaded in an unsafe manner, failed to properly maintain the brakes on the shovel, and permitted inadequate marking of the baloney. The district court held that defendants had not exercised the amount of control necessary to allow the imposition of liability.
 
 
 6
 A motion for summary judgment shall be granted if all the materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the district court's ruling de novo. We "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment". Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 7
 In Wyoming, a parent corporation's retention of an advisory role is not sufficient to impose liability. The parent corporation must exercise direct operational control over the activity in question, retaining the right to direct how the activity should or should not be done. See Fiscus v. Atlantic Richfield, 773 P.2d 158, 162-63 (Wyo.1989) (site visitation, safety meeting attendance, and recommendation of safety precautions insufficient to raise inference of control); see also Jones v. Chevron U.S.A., Inc., 718 P.2d 890, 896 (Wyo.1986) (no control found where owner of work site retained the right to require that independent contractor observe safety rules, but did not assume any affirmative duties with respect to safety); Noonan v. Texaco, Inc., 713 P.2d 160, 166-67 (Wyo.1986) (no control found where Texaco, owner of an oil well, retained a simple reservation of a right to inspect and require safe equipment, material, and supplies, but did not take over details of safety from its independent contractor who was drilling the well).
 
 
 8
 In Fiscus, the plaintiff argued that the defendant retained sufficient control over the subsidiary's safety operations to permit the imposition of liability. Plaintiff cited to the fact that employees of the defendant visited the mine an average of four times a day, several of defendant's officials attended safety meetings at the mine, an employee of another subsidiary of the defendant sent a memorandum to the plaintiff's employer recommending the use of seat belts, and the defendant reviewed the qualifications of, and interviewed all, safety directors. Defendant also had two representatives at the mine who worked on the subsidiary's training program and set policy in regard to training at the mine.
 
 
 9
 The court held that the parent corporation would be liable only if the parent assumed "some independent legal duty by retaining or exercising control over some aspect of the operation of [the] subsidiary corporation which was involved in the incident resulting in the plaintiff's injuries." Fiscus, 773 P.2d at 160. The court found no liability because the defendant had shown it "did not retain the right to control or exercise control over the safety aspects of the [subsidiary], over the mining operations, or over the scraper that [the plaintiff] operated at the time of her injuries." Id. at 161.
 
 
 10
 The evidence here showed that defendants' safety directors advised BHC regarding safety matters, injury prevention, and company-wide safety policies. Defendants prepared a safety manual in compliance with federal standards which was sent to BHC for it to adopt, modify, or reject. Employees visited BHC to monitor compliance with general company-wide safety policies and federal regulations and investigated all accidents. BHC, however, had its own safety program and safety director over which defendants had no direct authority.
 
 
 11
 We agree with the district court that the record fails to show defendants exercised direct control over BHC's safety operation. Defendants' retention of an advisory role is not sufficient to permit the imposition of liability on them for plaintiff's injuries.
 
 
 12
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3